**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4366
_____

UNITED STATES OF AMERICA

v.

REGINALD GADSDEN,
                                   Appellant


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 08-cr-00017-002)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2011
_____

Before: SCIRICA, BARRY and VANASKIE, Circuit Judges

(Filed:  January 20, 2011 )
_____

OPINION
_____

BARRY, Circuit Judge

        Reginald Gadsden was charged with four drug trafficking and firearm offenses,

and subsequently pled guilty to one count of conspiracy to possess with intent to

distribute marijuana. Prior to sentencing, Gadsden's Guidelines range was calculated as 77 to 96 months in prison, which included a career offender enhancement. The District Court rejected his objections to the PSR, which centered on the premise that the Guidelines range overstated his criminal history and likelihood of recidivism. The Court also rejected his request that it order his federal sentence to run concurrent with a prospective state parole revocation sentence. Gadsden was sentenced, as relevant here, to 77 months' imprisonment.

On appeal, Gadsden argues that his sentence was "harsh, excessive and not reasonable" and that the Court erred on the concurrent sentence issue. We will affirm.

## I. Background

Writing primarily for the parties, we discuss only those facts relevant to our analysis.

On October 18, 2007, employees of an auto shop in Harrisburg, Pennsylvania, unexpectedly received a package that was later found to contain 20 pounds of marijuana. Individuals repeatedly entered the shop to inquire about the package, engaging in threatening behavior and brandishing a firearm. Because the shop's owners were concerned for their safety, they moved the package to another location, and reported what had transpired to the authorities. The following morning, officers went to the shop to investigate. Upon arriving, they observed two men across the street. The men saw the officers, and drove away. The officers conducted a traffic stop. Auto shop personnel

identified Reginald Gadsden as one of the individuals who had come into the shop the previous day, and he was arrested. A subsequent search of the area where the two men's car had been parked uncovered a firearm and ammunition matching the caliber of the gun. Gadsden was indicted, and on April 8, 2008, pled guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846.[1]

As noted above, Gadsden's Guidelines range was 77 to 96 months in prison, and he argued that that range overstated his criminal history and likelihood of recidivism. At the sentencing hearing, the District Court noted, extensively discussed, and then rejected his arguments, emphasizing that concurrent sentences for a string of offenses when Gadsden was much younger not only did not render them single rather than separately countable offenses for purposes of criminal history computation and career offender classification, but also spoke to the seriousness of that history. After addressing these and various other issues that Gadsden had raised, the Court asked him to confirm, "did I not cover any of the[ issues]?" Gadsden replied, "Yeah, you covered them. You covered them." App. at 104.

Gadsden also noted that he was subject, in separate state proceedings, to a parole revocation sentence. He accordingly asked the Court to impose his federal sentence to run concurrent with the prospective state sentence. Noting that the Pennsylvania Parole Board had jurisdiction over the latter sentence, however, the Court demurred: "Well, I

---

[1] Gadsden's brother, Brian – the second man – was similarily identified and arrested. His appeal from a conditional plea of guilty is currently pending before this Court.

3

think probably the parole board would have to take into consideration my sentence because I can't predict what they're going to do. . . . They'll certainly know what I've done, so maybe they'll take that into consideration." *Id.* at 105. Undeterred, Gadsden repeated his plea for a concurrent sentence, and the Court replied, "They probably have to give you credit toward your parole with the sentence that I give you. That's the only thing I know that could be done." *Id.* at 106.

The District Court then addressed the § 3553(a) sentencing factors, including Gadsden's arguments concerning his work history and prospects, and his family concerns. Stating that this crime and Gadsden's criminal history were serious, however, the Court imposed a sentence of 77 months in prison, the low end of the Guidelines range. Gadsden timely appealed.

## II. Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38 (2007)). The burden falls on the challenging party to demonstrate unreasonableness. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006). An argument not raised before the District Court is subject to review for plain error. *See* Fed. R. Crim. P. 52(b); *see also United States v. Evans*, 155 F.3d 245, 248 (3d Cir. 1998).

A sentencing court must: (1) properly calculate the applicable Guidelines range; (2) formally rule on departure motions; and (3) after hearing the parties' arguments and considering the § 3553(a) sentencing factors, exercise its discretion before determining what sentence to impose. *See United States v. Wise*, 515 F.3d 207, 216-17 (3d Cir. 2008) (citations omitted). The court must "g[i]ve meaningful consideration to the § 3553(a) factors[,]" and "the record must show a true, considered exercise of discretion" and treatment of "parties' non-frivolous arguments." *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006). On appellate review, "[w]e continue to treat 'discretionary denials of departure motions in calculating sentencing ranges' the same as we did pre-*Booker*[,]" *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009) (quoting *Jackson*, 467 F.3d at 839), which is to say that "'[w]e do not have jurisdiction to review discretionary decisions by district courts to not depart downward.'" *Id.* (quoting *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir.2007)).

The District Court did what it was required to do. Beginning with the procedural step, the Court correctly calculated Gadsden's Guidelines range. Gadsden's argument to the contrary fails—especially his contention, first raised on appeal, that it was error to assign him an additional point because the offense at issue here occurred within two years of his release from prison. A Guidelines amendment effective on November 1, 2010 eliminated the assignment of additional points for recent crimes, but recency points were assigned under the Guidelines applicable at the time of Gadsden's sentencing and the

recent amendment was not made retroactive. *Compare* U.S.S.G. § 4A1.1(e) (2007) *with id.* §§ 1B1.10(c), 4A1.1(e) and Historical Notes, Amendments (2010). Moreover, as the government notes, Gadsden's 17 criminal history points already exceeded the 13-point threshold for Category VI offender classification—a classification for which Gadsden also qualified by virtue of career offender status. *See* PSR ¶ 33; U.S.S.G. § 5, Part A (Sentencing Table). Gadsden has not shown that the Court erred in calculating his Guidelines range.

Nor has Gadsden shown that the District Court failed to consider arguments that he made concerning a Guidelines departure or the § 3553(a) factors. The Court explicitly considered the mitigating factors that Gadsden offered before it rejected his departure motion, citing the seriousness of his offense and his criminal history. It was within the Court's discretion to do so. *See Jackson*, 467 F.3d at 841; *see also United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) ("[A] district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable."). At the same time, the Court gave credence to at least certain of Gadsden's arguments, rejecting as it did the government's call for a higher sentence, and noting, when it imposed a sentence at the low end of the applicable Guidelines range, that "[a]t least some consideration can be given . . . for the fact that a lot of his criminal activity occurred in close proximity to each other and at an early age." App. at 107. Accordingly, there is no evidence that the Court abused its discretion—much less plainly

erred—or that the sentence that it imposed was unreasonable.

Gadsden also argues that the District Court "was not aware that it had the power to sentence [him] concurrently to his state parole violation[, and that t]his failure clearly requires a reversal since the sentencing court did not know that she had [that] power[.]" Appellant's Br. at 10 (citing U.S.S.G. § 5G1.3). As the government notes in its brief, the issue that Gadsden raises is unresolved among the courts of appeals, and we have not resolved it in a precedential opinion. *See United States v. Randolph*, 80 Fed. Appx. 190 (3d Cir. 2003) (citing cases). We need not resolve the issue here, given the circumstances of this case.

The Guidelines provide, in relevant part:

> If the instant offense was committed . . . after sentencing for, but before commencing service of, [a] term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
> . . .
> (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(a), (c). In part, circuit courts' varying approaches to this issue relate to the fact that parole revocation may or may not be found to qualify, in a technical sense, as an undischarged term of imprisonment. In any event, it appears from the text of § 5G1.3(c) that the Guidelines either tend towards endorsing consecutive sentences, or, if

7

nothing else, favor courts having discretion as to how they resolve the issue in a particular case. *See id.*[2]

Gadsden misconstrues both the District Court's actual statements and the Guidelines when he describes "the sentencing court []as not aware that it had the power to sentence defendant concurrently[,]" and argues that such unawareness "clearly requires a reversal." Appellant's Br. at 10. Arguably, the Court's statements on this issue were ambiguous. No matter how they are read, however, the Court neither refused to do something it had to do, nor did something it was not permitted to do. Nor, we note, had Gadsden specifically argued § 5G1.3, much less argued for one or another application of

---

[2] The accompanying Commentary and Application Notes to § 5G1.3 bear this out: Under subsection (c), the court *may impose* a sentence *concurrently, partially concurrently, or consecutively* to the undischarged term of imprisonment[ i]n order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, [taking into] . . . consider[ation, e.g.,] . . . [t]he fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court[, and] . . . [*a]ny other circumstance relevant to the determination of an appropriate sentence* for the instant offense. . . . [This principle also] applies in cases in which the defendant was on . . . state . . . parole[] or supervised release at the time of the instant offense and has had . . . [it] revoked. Consistent with the policy set forth [elsewhere in the Guidelines,] . . . the Commission recommends that the sentence for the instant offense be imposed *consecutively* to the sentence imposed for the revocation. . . . [Moreover, where a court is] faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules[,] . . . *the court may exercise its discretion* in accordance with subsection (c) to fashion a sentence of appropriate length *and structure it to run in any appropriate manner* to achieve a reasonable punishment for the instant offense.
U.S.S.G. § 5G1.3 Application Note 3(A)(iv)-(v), (C), (D) (emphasis added).

§ 5G1.3 in light of the conflicting case authority. Accordingly, given the then-*prospective* state disposition of Gadsden's parole violation, it cannot be said that the Court plainly erred when it did not rule either way as to a concurrent or consecutive sentence, but rather followed all proper procedures and imposed a not unreasonable federal sentence, while noting that Pennsylvania might or might not adjust its own disposition in light of it.

### III. Conclusion

For the foregoing reasons, and having reviewed Gadsden's remaining arguments and found them unpersuasive, we will affirm the judgment of sentence.